# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1232
LT Case No. 2023-CA-002129-A

_____

SPENCER T. CALVERT,

    Appellant,

    v.

TERRY SURRENCY and
MYA SURRENCY,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for St. Johns County.
Howard M. Maltz, Judge.

Austin B. Calhoun and Natasha V. Fisher, of Jimerson Birr, P.A.,
Jacksonville, for Appellant.

D. Brad Hughes and Brittany J. Mills, of Cobb & Gonzalez, P.A.,
Jacksonville, for Appellees.

October 18, 2024

SOUD, J.

    Appellant Spencer Calvert appeals the trial court's denial of
his motion to stay action and compel arbitration of the claims
brought against him by Appellees Terry and Mya Surrency. In
deciding this case, the question we must answer is this: may
Calvert enforce an arbitration agreement contained within a

contract to which he himself is not a party? And our answer is simple: no. As a result, we affirm the trial court's denial of Calvert's motion.[1]

## I.

The Surrencys contracted with The Pineapple Corporation of Jacksonville, Inc. for the construction of a nearly $2 million new home in The Vista at Twenty Mile subdivision in St. Johns County, Florida. At that time, Calvert owned The Pineapple Corp. and executed the subject Builder Contract Agreement as its president.

Ultimately, the Surrencys filed suit against Calvert individually, alleging that they paid more than $1.151 million towards their new home's construction but that the project was effectively abandoned and never completed because Calvert misappropriated the monies they paid for his personal or other use. The operative complaint asserts causes of action against Calvert sounding in negligence, violation of The Florida Deceptive and Unfair Trade Practices Act, conversion, and fraudulent transfer.[2]

In response to the Surrencys' complaint, Calvert filed his motion to stay action and compel arbitration. In support of his motion, Calvert relied upon the arbitration clause within the Builder Contract Agreement, which requires in part:

> All controversies and claims **between the Owner [the Surrencys] and Contractor [The Pineapple Corp.]**, directly or indirectly rising out of or relating to this Contract or this transaction

---

[1] We have jurisdiction. *See* Art. V, § 4(b)(1), Fla Const.; Fla. R. App. P. 9.130(a)(3)(I).

[2] Numerous other individuals also have filed actions against Calvert alleging substantially similar conduct. Additionally, Calvert faces pending felony charges in the Seventh Judicial Circuit related to his conduct claimed in this case. The charges include misappropriation of construction funds ($100,000 or more), grand theft (more than $100,000), and organized scheme to defraud (more than $50,000).

will be settled by binding arbitration in the County where the property is located in accordance with Arbitration Rules of the American Arbitration Association or other Arbitrators who are mutually agreeable to the Parties.

The trial court denied Calvert's motion. This appeal followed.[3]

## II.

We review de novo the trial court's ruling on Calvert's motion to stay and compel arbitration. *See Fla. Roads Trucking, LLC v. Zion Jacksonville, LLC*, 384 So. 3d 817, 819 (Fla. 5th DCA 2024) (quoting *The Walsh Grp. d/b/a Archer W. Contractors, LLC v. Zion Jacksonville, LLC*, 379 So. 3d 571, 574 (Fla. 5th DCA 2024)).

## A.

Generally, Florida courts favor arbitration agreements. *See Walsh Grp.*, 379 So. 3d at 574. Nonetheless, despite being favored in law, the reach of any arbitration provision is cabined by the terms of the parties' agreement. *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).

When ruling on a motion to compel arbitration, Florida courts must consider three issues: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Walsh Grp.*, 379 So.

---

[3] Calvert has filed his notice of related cases, identifying four additional cases pending appeal in this Court that involve "similar and identical allegations and causes of action" by other home purchasers and the trial court's denial of his motion to stay and compel arbitration. Those cases, involving the identical arbitration provision contained within substantially identical agreements, are: 5D2024–0872; 5D2024–1496; 5D2024–1501; and 5D2024–1813. Thereafter, Calvert has filed another related appeal in this Court: 5D2024-2690. The legal issues presented to this Court in those appeals are substantially the same as the issues presented in this case.

3d at 574 (quoting *Seifert*, 750 So. 2d at 636). Our resolution of this case rests on our consideration of the first two of these issues.

First, the Builder Contract Agreement contains an arbitration provision. However, while Calvert signed the agreement on behalf of The Pineapple Corp., Calvert was not himself a party to the contract. Under Florida law, one may not ordinarily compel arbitration "under an arbitration agreement to which [he] was not a party." *Fla. Roads Trucking, LLC*, 384 So. 3d at 819 (quoting *Beck Auto Sales, Inc. v. Asbury Jax Ford, LLC*, 249 So. 3d 765, 767 (Fla. 1st DCA 2018)).

Additionally, no arbitrable issue exists because the Surrencys' claims against Calvert individually do not fall within the scope of the subject arbitration provision. The contract between the parties, and specifically the arbitration provision itself, determines the issues which must be subject to arbitration. *See Seifert*, 750 So. 2d at 636 (quoting *Regency Grp., Inc. v. McDaniels,* 647 So. 2d 192, 193 (Fla. 1st DCA 1994) ("The agreement of the parties determines the issues subject to arbitration.")). "And the 'scope of the arbitration clause' is a pure matter of contractual interpretation." *Beck Auto Sales, Inc.*, 249 So. 3d at 768. *See also Seifert*, 750 So. 2d at 636 ("[B]ecause arbitration provisions are contractual in nature, construction of such provisions and the contracts in which they appear remains a matter of contract interpretation.").

Here, the Surrencys and The Pineapple Corp. agreed to arbitrate "[a]ll controversies and claims **between the Owner [the Surrencys] and Contractor [The Pineapple Corp.]**, directly or indirectly rising out of or relating to this Contract or this transaction." Nowhere in the agreement did the Surrencys consent to arbitration of any claims they may have against Calvert individually. As a result, the Surrencys may not be compelled to submit their claims against Calvert to arbitration. *See Seifert*, 750 So. 2d at 636 ("[N]o party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate."); *see also Fla. Roads Trucking, LLC*, 384 So. 3d at 820 (same).

### B.

Notwithstanding that he is not a party to the Builder Contract Agreement and the plain language of the arbitration provision

therein, Calvert argues that the doctrine of equitable estoppel permits him to enforce the arbitration agreement and compel arbitration of the Surrencys' claims. Calvert's argument fails.

While Florida courts have recognized that equitable estoppel may permit a non-party to enforce an arbitration provision against a party to the contract, they have done so only in two limited circumstances: "(1) when the signatory's claims allege 'substantially interdependent and concerted misconduct' by the signatory and the non-signatory or (2) when the claims relate directly to the contract and the signatory is relying on the contract to assert its claims against the non-signatory." *See Beck Auto Sales, Inc.*, 249 So. 3d at 767; *see also Fla. Roads Trucking, LLC*, 384 So. 3d at 819–20. Neither situation is present in this case, where the Surrencys' claims against Calvert are based on allegations that he misappropriated their funds for his personal or other use.

Further, even if, *arguendo*, principles of equitable estoppel permitted Calvert "to access" the arbitration provision, they "would not expand the scope of disputes subject to arbitration." *See Beck Auto Sales, Inc.*, 249 So. 3d at 768; *see also Fla. Roads Trucking, LLC*, 384 So. 3d at 820. And as discussed *supra*, the arbitration provision before us contemplates disputes between the Surrencys and The Pineapple Corp. arising out of the agreement or transaction between them. The agreement does not require the arbitration of any claims the Surrencys have against Calvert individually.

## III.

Accordingly, as Calvert has no basis in law to seek arbitration, the trial court's denial of Calvert's motion to stay action and compel arbitration is AFFIRMED.

It is so ordered.


MAKAR and JAY, JJ., concur.

5

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————